IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SERGIO IRUEGAS** | § | |
| | § | |
| **V.** | § | A-09-CA-898 LY |
| | § | |
| **DIVERSIFIED ADJUSTMENT SERVICE, INC.** | § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Diversified Adjustment Service's Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement, filed on January 29, 2010 (Clerk's Doc. No. 5); and Plaintiff's Opposition to Defendant's Motion for an Order Dismissing the Complaint Pursuant to Rule 12(b)(6) or Requiring a More Definite Statement Pursuant to Rule 12(e), filed on February 12, 2010 (Clerk's Doc. No. 6).

On February 16, 2010, the District Court referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

Plaintiff Sergio Iruegas ("Iruegas") is suing Defendant Diversified Adjustment Service, Inc. ("Diversified") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the

Texas Debt Collection Act ("TDCA").[1] Iruegas alleges in his complaint that when Diversified contacted him attempting to collect a debt for Sprint, a debt which Iruegas claims was not his, Diversified violated the FDCPA and the TDCA by using profane and abusive language and by threatening to communicate false credit information. Diversified has moved to have Plaintiff's claims dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, for a more definite statement under Rule 12(e).

## II. ANALYSIS

**A.     Standard of Review**

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and rarely granted." *Kaiser Alum. & Chem. Slas v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). In reviewing the motion, the court is to take all of the well-pleaded facts in the complaint as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Stated another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). Still, "[a] plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests." *Colle v. Brazos County*, 981 F.2d 237, 243 (5th Cir. 1993). "In most cases, challenges to

---

[1]Plaintiff also alleged a claim for intentional infliction of emotional distress. Plaintiff states in his response that he wishes to withdraw this claim.

'barebones pleadings' are doomed with respect to an attack based on a failure to state a claim." *Id.* (citing *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 506-07 (5th Cir. 1971)).

**B.     Diversified's Motion to Dismiss**

Diversified argues that Iruegas has failed to allege any factual support for his claims, such that the claims should be dismissed for failure to state a claim for which relief can be granted. The undersigned believes that the complaint is sufficient to state a claim under both the FDCPA and the TDCA, and therefore recommends that Diversified's motion be denied.

In regard to the FDCPA violations, the complaint alleges that Diversified violated sections 1692d(2) and 1692e(8). *See* 15 U.S.C. §§ 1692d(2) & 1692e(8). These two sections prohibit a debt collector from using "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader," and from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *Id.* In regard to the TDCA, "a debt collector may not oppress, harass, or abuse a person by using profane or obscene language or language intended to abuse unreasonably the hearer or reader." TEX. FIN. CODE ANN. § 392.302.

As for factual support for Iruegas's claims, the complaint alleges that Diversified was "extremely rude" to Iruegas during telephone conversations, and that Diversified used profane and abusive language when speaking with Iruegas. Pl's Complaint at ¶¶ 14, 21, 28. The complaint further alleges that Diversified threatened to report the disputed account to a credit reporting agency after being informed the Iruegas did not owe the account in question. Pl's Complaint at ¶¶ 16, 22. These allegations, coupled with the references to the specific statutes Plaintiff alleges were violated, are sufficient to give Diversified notice of what Iruegas's claims are and the grounds upon which

they rest. *Colle*, 981 F.2d at 243. Accordingly, the undersigned recommends that Diversified's motion to dismiss pursuant to Rule 12(b)(6) be denied.

**C.	Diversified's Alternative Motion for More Definite Statement**

Diversified requests in the alternative that the Court order Iruegas to file an amended complaint setting forth sufficient information to show that he is entitled to relief. As noted above, the undersigned believes that Plaintiff's pleadings are sufficient to state a claim under both the FDCPA and the TDCA, and therefore believes that Diversified's alternative motion for a more definite statement should be denied.

## III. CONCLUSION

Based on the foregoing, the undersigned is of the opinion that Defendant Diversified Adjustment Service's Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement should be denied. Iruegas's complaint is sufficient to state claims under both the FDCPA and the TDCA. In regard to Plaintiff's claim for intentional infliction of emotional distress, Plaintiff states in his response that he would like to withdraw this claim. Thus, the motion is moot as to this claim, as Plaintiff has abandoned that claim.

## IV. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Defendant Diversified Adjustment Service's Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement (Clerk's Doc. No. 5).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE